JOHN S. PEARSON vs. TOWN OF WINCHESTER.

Middlesex.    December 6, 1967. — January 9, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Firefighter. Proximate Cause.*

Evidence in a suit in equity was not sufficient to sustain a finding that a
   firefighter of a town unable to work and without pay for over four
   years at the time of trial was "incapacitated for duty because of injury
   sustained in the performance of his duty" as required by G. L. c. 41,
   § 111F, in order to recover wages thereunder.

BILL IN EQUITY filed in the Superior Court on August
13, 1965.

The plaintiff appealed from a final decree dismissing the
bill entered after hearing by *Tomasello, J.*

*Louis W. Maples* for the plaintiff.

*Leonard J. Mullen,* Town Counsel, for the defendant.

WHITTEMORE, J.   The plaintiff in his bill in equity asserts
rights under G. L. c. 41, § 111F, and asks that the statute
be construed and that the amount due him be determined.
There is a report of material facts.   The evidence is reported.
Most of the facts are not in dispute.

General Laws c. 41, § 111F, as amended through St. 1961,
c. 218, provides: "Whenever a police officer or fire fighter
of a . . . town . . . is incapacitated for duty because of
injury sustained in the performance of his duty without
fault of his own, . . . he shall be granted leave without
loss of pay for the period of such incapacity;  provided,
that no such leave shall be granted for any period after
such police officer or fire fighter has been retired or pen-
sioned in accordance with law or for any period after a
physician designated by the board or officer authorized to
appoint police officers or fire fighters in such . . . town
. . . determines that such incapacity no longer exists."

The plaintiff entered the employ of the town of Winchester as a fire fighter on August 15, 1942. At the time of the hearing in the Superior Court he had been unable to work since December 30, 1960. He was paid as a fire fighter up to June 3, 1961, but not thereafter. On May 19, 1961, the chief of the fire department made an "involuntary" application for the plaintiff's retirement effective June 3, 1961. We conclude that this was for accidental disability.

At the time of the hearing in the Superior Court the issue whether the plaintiff was entitled to accidental disability retirement under G. L. c. 32, § 7, had not been finally determined. After an adverse certification by a medical panel on July 11, 1961 (the finding was that the plaintiff was suffering from "osteoarthritis cervical spine"), the Winchester retirement board voted to deny the application and the contributory retirement appeal board by decision of April 3, 1962, found that the plaintiff's condition did not stem from an injury sustained in the performance of duty. On a rehearing the appeal board ordered that a new medical panel determine whether the osteoarthritis was caused by age or injury. A majority of a new medical panel on April 2, 1965, certified in the statutory language that the disability was not such as might be the result of accident or hazard and thereafter the Winchester board again denied the application. The plaintiff again appealed to the appeal board. The record shows that on November 23, 1965, when the plaintiff testified in the Superior Court, the case was pending before the appeal board. The defendant's brief states that hearings on the appeal began on June 23, 1966.

The plaintiff himself applied for accidental disability retirement on April 16, 1962, but this presented the same issue and all action appears to have been taken under the prior involuntary application.

The present bill in equity was filed August 13, 1965, the plaintiff then having had no payment from the town for over four years. The plaintiff relies on *Votour* v. *Medford,* 335 Mass. 403, 404–406. In that case the recovery of wages

under c. 41, § 111F, was supported by evidence sufficient to show that the plaintiff, a police officer, had suffered injuries in the performance of his duty, his pay had been stopped, he had not been retired and no "physician . . . designated by the board or officer authorized to appoint police officers . . . [had determined] that such incapacity no longer existed."

There is missing in this case a showing that the plaintiff was incapacitated because of injury sustained in the performance of his duty. The plaintiff contends that the decree below dismissing the bill of complaint was in error in that it was expressly based only on the rulings that the decision of the appeal board dismissing the appeal was "valid . . . and is affirmed" and "the refusal of the . . . [town] to pay the wages . . . is justified." We agree that there should have been findings and rulings under c. 41, § 111F. But we have examined the transcript of the testimony and the exhibits and do not find evidence sufficient to sustain a finding that the plaintiff was "incapacitated for duty because of injury sustained in the performance of his duty" as required by G. L. c. 41, § 111F.

*Decree affirmed.*