Dortch-Okara, J.
This is an application to vacate an arbitrator’s award pursuant to G.L. c. 150C, §11. The plaintiff alleges that the arbitrator exceeded her authority by issuing an award which violated the clear and unambiguous language of the collective bargaining agreement. In addition, the plaintiff claims that the arbitration was time barred. The defendant opposes *337 the application and seeks confirmation of the award. The defendant now brings the matter before the court through its motion for summary judgment. For the reasons outlined below, defendant’s motion is ALLOWED.
The City of Medford (the “City”) and local 1302 of the International Association of Firefighters (the “union”) are parties to a collective bargaining agreement (the “agreement”) dated March 5, 1990.
On January 8,1993 the Union filed a grievance with the City claiming that the City had violated the agreement. Specifically, the Union said the City failed to compensate acting Captain Richard Monagle for benefits he earned during the time he was out of work on injury leave. The Union sought credit for vacation time, personal leave, and sick leave.
Acting Captain Monagle had been injured in the line of duty on September 24, 1989. He returned to duty on October 24, 1989, but returned to injury leave status on November 30, 1989. He retired on December 28, 1992, without having returned to work again.
Prior to 1986, the City credited vacation and sick leave to all but one employee on injury leave. In 1986, the City Manager wrote to the president of the Union that he believed that the contract did not entitle employees on injury leave to accrue benefits. The agreement states, in pertinent part, that “[vacation allowances may not be accumulated from one vacation year to another, without the recommendation of the Chief, and approved by the Mayor.” Article 17. Despite the City Manager’s letter, the practice of granting accrued benefits to employees on injured leave status continued after 1986. Benefits were denied only to employees on injured leave who retired without ever returning to active duty.
On March 31, 1993, the Cily denied the grievance. The matter proceeded to arbitration and on March 28, 1994, the arbitrator ruled that the City had violated the collective bargaining agreement. The arbitrator found that Captain Monagle was entitled to accrued vacation, sick leave, and personal days. Upon his disability retirement, he was entitled under the agreement to be paid for accrued vacation time for 1990, 1991, and 1992 and for personal days accrued in the year of retirement, 1992. Based on his years of service, the arbitrator found that Captain Monagle was not entitled to payments for accrued sick leave.
The City seeks to vacate the arbitrator’s decision and award which the Union asks the court to confirm.
DISCUSSION
The question of whether an arbitrator’s award is in excess of the authority conferred upon the arbitrator is always open for judicial review. City of Boston v. McCarthy, 5 Mass.App.Ct. 890 (1977). The arbitrator is to interpret the agreement, “not to add to it, subtract from it, or modify it.” Chief Administrative Justice of the Trial Court v. Service Employees International Union, 383 Mass. 79, 794 (1981). It is also well settled that courts “do not, and cannot, pass on an arbitrator’s alleged errors of law and, absent fraud, [may not overrule] an arbitrator because [the courts] give a contract a different interpretation.” Concerned Minority Educators of Worcester v. School Committee of Worcester, 392 Mass. 184, 187 (1984) (citing School Committee of West Springfield v. Korbut, 373 Mass. 788, 792 (1977)).
The City argues that the arbitrator exceeded her authority by considering past practices when interpreting the provisions of the collective bargaining agreement. This argument is without merit. The United States Supreme Court has ruled that “[t]he labor arbitrator’s source of law is not confined to the express provisions of the contract . . . the practices of the industry and the shop — is equally a part of the collective bargaining agreement although not expressed in it.” United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 581-82 (1960). Furthermore, the Supreme Judicial Court has held that a past practice can waive a contractual provision if the past practice is “clearly stated and understood, maintained over a reasonable time, and accepted by both parties.” Chief Administrative Justice of the Trial Court, supra at 792. If these requirements are met, then the practice can “not be terminated unilaterally.” Id.
The arbitrator’s decision makes it quite clear that these requirements have been met. The City had a long-standing practice, since 1983, of accruing vacation, personal leave and sick leave to firefighters who were out on injury leave. In virtually every case in which a firefighter had returned to active duty after being absent on injury leave, these benefits were accrued as if the firefighter had never been absent. It is apparent that this practice was clearly stated, understood, maintained over a reasonable time, and was accepted by both parties due to this automatic grant of benefits. Benefits were only denied to those employees who retired without ever returning to active duty. The collective bargaining agreement itself states that “all job benefits presently enjoyed by members which are not specifically provided for or abridged by this contract shall continue under the conditions upon which they had previously granted.” Article 10. It is clear that Captain Monagle’s injury leave status alone poses no contractual disqualification to accrual of benefits.
The Cily also argues that the arbitrator’s decision was improper under Rein v. Marshfield, 16 Mass.App.Ct. 519 (1983). This argument is also without merit. The Appeals Court in Rein held that an employee on injury leave who draws pay under G.L. c. 41, §11 IF cannot accrue vacation and sick pay while off active duty. It is clear, however, that the City did not implement the Rein decision and continued to allow employees to accrue these benefits while out on injury leave, as long as they eventually returned to *338 active duty. This practice even continued after a 1986 letter from the City Manager to the Union addressed the Rein decision. The arbitrator stated that many arbitration decisions in the Commonwealth, after the 1983 Rein case, endorsed the principle that collective bargaining agreements may contain benefits that are more expansive than those created by G.L. c. 41, §11 IF alone. Even if this is not true, “(a)bsent fraud, errors of law or fact are not sufficient grounds to set aside an [arbitrator’s] award.” Plymouth Carver Regional School District v. J. Farmer and Co., 407 Mass. 1006, 1007 (1990). Consequently, the arbitrator’s conclusions and award are not barred by the Rein decision.
Finally, the City argues that the arbitration was time barred. This argument is also without merit. The City claims that the Union’s failure to file a grievance following the City Manager’s 1986 letter to implement the Rein decision, supra, estops it from bringing a grievance in 1992 on behalf of Captain Monagle. In response to this 1986 letter, the Union’s president wrote a response, saying that the Rein decision could not be implemented unilaterally, but the Union would negotiate with the City at their next meeting. The City, however, never acted on this response and continued to accrue benefits for those employees who returned to active duty after being out on injury leave. Since the City did not take the proper steps to implement the Rein decision, the claim is not time barred.
ORDER
Based on the foregoing, it is ORDERED that the defendant’s motion for summary judgment is ALLOWED. Judgment shall enter for the defendant confirming the award of the arbitrator.