Hely, J.
I. INTRODUCTION
On April 21, 1991, Sergeant George E. Brown sustained a back injury in a cruiser accident while on duty as an officer of the Plainville Police. Officer Brown received another back injury while on duty on November 1, 1991, during an attempted arrest. An arbitrator determined that Brown was injured in the line of duty and entitled to leave without loss of pay beginning on December 21, 1991. The arbitrator’s award was based on the back injuries, the response of the Chief of Police and the Town to those injuries, and a resulting psychological disability.
The Town has paid Brown $83,887.25 in injured leave compensation pursuant to the arbitration award for the period between December 21, 1991, and June 28, 1995. In Plainville v. Brown, the Town seeks to recover from Brown the money damages that Brown received from the negligent driver who caused his injuries in the cruiser accident on April 21, 1991. The Town claims that under G.L.c. 41, §11 IF, par.2, it is entitled to recover the damages that Brown obtained from the negligent driver as partial indemnification for the injured-leave pay that the Town has paid Brown. Both parties have moved for summary judgment on the issue of the Town’s claim under §11 IF.
In M.C.O.P. Local 135 v. Plainville, the plaintiff Union obtained an order confirming the arbitrator’s award of injured-leave pay to Officer Brown. The Union’s contempt complaint alleges that the Town is in contempt of the confirmation order because some portions of Brown’s injured-leave compensation have not yet been paid. In its defense at the contempt trial, the Town asserted that it owes Brown nothing because Brown has improperly failed to pay the Town under G.L.c. 41, §11 IF, par.2, the damages he recovered from the negligent driver. Brown’s recovery in the tort case exceeds any remaining amount that the Town *588 may owe to Brown. In reply, the Union contends that a Town’s §11 IF indemnification right does not apply to this case because the arbitrator’s award of injured-leave pay was based on the collective bargaining agreement between the Union and the Town and not based on the injured-leave pay provisions of §11 IF.
The essential facts in both cases axe undisputed. The fact findings in the arbitrator’s decision and award are final and binding on the parties and will be treated as undisputed facts in both cases before the court. Agreement Between Town of Plainville and Local 135, Art. XXI §4d(4); see G.L.c. 150E, §8; G.L.c. 150C, §13.
The court concludes that under G.L.c. 41, §111F, the Town is entitled to recover frorn Brown the amount of damages that he obtained from the negligent driver. The Town is entitled to summary judgment in its case against Brown, and it is not in contempt in its case brought by the Union. The court’s reasons are stated below.
II. THE TOWN’S STATUTORY INDEMNIFICATION CLAIM IN PLAINVILLE V. BROWN
A. Injured-Leave Pay
Under G.L.c. 41, §111F, a local police officer or firefighter has a statutory right to “leave without loss of pay” for any period in which he is incapacitated because of injuries sustained in the performance of his duty without fault of his own. The same section gives the town or city a statutory right to indemnification for injured-leave pay from any damages payments obtained by the officer from any person that has a legal liability to pay damages for causing the officer’s injury. The pertinent terms in G.L.c. 41, §11 IF, are set forth in the margin.[1]
Brown admitted in his answer that on August 31, 1993, he received a tort arbitration award in the amount of $50,000 for his claim against one Albert Decele for damages for personal injuries and medical expenses incurred as the result of his cruiser accident on April 21, 1991. The Town’s claim is that because it has paid Brown over $80,000 in injured-leave pay it is entitled under §11 IF to partial indemnification by Brown to the tune of $50,000, the amount the Brown recovered from Docele. As noted earlier, Brown’s response is that his right to injured-leave pay in this case is based on the collective bargaining contract and not on §11IF.
Article XXII, §1, of the collective bargaining agreement does give uniformed Plainville Police employees the right to injured-leave pay in language that is virtually identical to G.L.c. 41, §11 IF, par. 1. The collective bargaining agreement says nothing about indemnification to the Town from damages paid to an injured officer by a person liable for causing his injury. Brown argues that the Town has in effect bargained away the right to indemnification because the parties in the collective bargaining agreement included the injured-leave pay provision but omitted any clause that would give the Town indemnification rights.
Brown’s contention is that the collective bargaining agreement is in conflict with the indemnification provision in §11 IF and that the agreement must prevail under the Commonwealth’s public employee collective bargaining statute, G.L.c. 150E, §7(d). Brown is correct that if there is such a conflict the agreement will prevail. The injured-leave pay statute' is one of the listed statutory provisions that must yield to a collective bargaining agreement under G.L.c. 150E, §7(d). The nub of the issue, however, is whether the Town’s statutory indemnity right under §11 IF is in conflict with the collective bargaining agreement in this case. The arbitration proceedings did not address this issue.
There is no material conflict between this collective bargaining agreement and §11 IF. Massachusetts courts have been “unwilling to construe a collective bargaining agreement as one overriding statutory provisions in the absence of clear language expressing that intent.” Rein v. Marshfield, 16 Mass.App.Ct. 519, 524 (1983) (agreements did not expand the §11 IF benefits regarding vacation pay and sick pay during injured leave). This agreement did not increase an officer’s injured-leave pay rights; it simply restates in nearly identical words the rights the officers already had under §11 IF. The agreement says nothing one way or the other about a municipality’s statutory indemnification right. In the absence of any language in the agreement suggesting a waiver by the Town, the court cannot conclude that this provision in the Massachusetts General Laws is suspended in Plainville.
The conclusion that there is no material conflict between the agreement and §11 IF is further supported by Article II, §1, of the agreement. This section in the contract emphasizes the Town’s position as “a municipal corporation established under and with powers provided by the laws of the Commonwealth.” The same provision of the collective bargaining agreement states that “nothing in this Agreement shall be deemed to derogate from or impair any power or right conferred upon the Town by law.” The Town was thus reserving its full rights and powers as a municipal corporation under the laws of the Commonwealth, and in the absence of any waiver language in the contract the court cannot conclude that the Town surrendered the statutory indemnification right. None of the cases cited by Brown supports a different conclusion.
There is no merit to Brown’s alternate argument that the April 21, 1991, cruiser accident injury is a “totally separate injury than that which was the basis for the claim that resulted in the Arbitration Award.” Brown’s Summary Judgment Memorandum at 6. Brown’s grievance letter of April 8, 1992, explicitly relied on his back injury in the April 21, 1991, vehicle accident along with the later arrest injury and other treatment by the Town as his basis for claiming injury-leave pay. The Union took the same position in arguing *589 Brown’s grievance in the arbitration proceeding. Arbitration Decision at 19. The arbitrator’s award of injured-leave pay was based on his finding that Brown’s incapacity was caused in part by Brown’s back injury in the cruiser accident on April 21, 1991. (“I find that the Union has sustained its burden of proving that there is a causal relationship between the Grievant’s injury of April 21, 1991 and his mental and physical condition as of the time of the hearing." Arbitrator’s Decision at 29, see also, 25, 27, and 28.) The parties are bound by the arbitrator’s fact findings.
Equally lacking merit is Brown’s contention that Decele’s payment of $200 in restitution to the Town as part of the court proceedings on his motor vehicle violations amounted to a waiver by the Town of its §11 IF right to indemnification. The Town’s §11 IF indemnification right depends upon Decele’s legal liability to pay damages to Brown. Decele’s court-ordered payment of $200 in restitution to the Town did not eliminate Decele’s legal liability to Brown and did not foreclose the Town from obtaining statutory indemnification from the proceeds of Brown’s action against Decele.
B. Medical Expenses
In a closely related claim, the Town also seeks indemnification under G.L.c. 41, §100, for $12,236.81 in medical and related expenses of Brown that have been paid by the Town. As with the injured-leave pay, the undisputed affidavit of the Town Administrator, Joseph E. Fernandes, establishes that the Town has paid these medical expenses. G.L.c. 41, §100, par. 6, gives the Town the right to indemnification for such medical expenses from any sum recovered by Brown from Decele for causing his injury in the April 21, 1991, accident. The indemnification provision in §100 is essentially the same as that in §111F. The court’s rulings under §11 IF are equally applicable to the Town’s indemnification claim for medical expenses under §100.
C. Judgment Amount
The amount owed by Brown to the Town as statutory indemnification remains to be addressed. Brown won a $50,000 damages award from Decele, but he did not personally receive $50,000. Brown testified in the contempt trial in M.C.O.P.. Local 135 v. Town of Plainville that his tort attorney deducted one-third of the damages amount as his fee and an unspecified additional amount as expenses in the case against Decele. Under both §11 IF and §100, the Town’s recovery from Brown should not include any amount that Brown has already paid for his attorneys fee and expenses in the Decele case. The damages award from Decele in this case is substantially less than the injured-leave pay and medical expenses paid by the Town. As a result the Town is not entitled to recover any portion of the damages award that went to the payment of the attorneys fee and expenses.
III. THE UNION’S CONTEMPT CLAIM IN M.C.O.P. LOCAL 135 V. PLAINVILLE
With respect to the trial of the Union’s contempt complaint in M.C.O.P. Local 135 v. Town of Plainville, the court makes the following additional findings of fact. Any unpaid additional compensation to which Brown may be entitled from the Town under the arbitration award is substantially exceeded by Brown’s net recovery from Decele (approximately $33,333.00) which is owed by Brown to the Town as indemnification under G.L.c. 41, §111F, par. 2, and §100, par. 6. The court rules that the Town is legally entitled to this indemnification under these two statutory provisions for the reasons discussed in Part II above. The court finds that the Town has complied with the arbitration award and is not in contempt as alleged by the Union.
IV. ORDER
(1). In Plainville v. Brown, CA 95-00573, a judgment will enter for the plaintiff Town in the amount of $33,333.00. The amount of this judgment will be reduced by the amount of expenses that Brown has paid to his attorney in the Decele case if this amount is established either by an agreement of the parties or by a motion to modify the judgment supported by affidavit and appropriate documentation. Any motion to modify the judgment that is not agreed upon shall be submitted to this justice for determination.
(2) The Union’s Complaintfor Contemptin M.C.O.P. Local 135 v. Town of Plainville, CA 94-1414, is dismissed.

 “Where the injury causing the incapacity of ... a police officer for which he is granted a leave without loss of pay and is paid compensation in accordance with the provisions of this section, was caused under circumstances creating a legal liability in some person to pay damages in respect thereof, either the person so injured or the city, town, or fire or water district paying such compensation may proceed to enforce the liability of such person in any court of competent jurisdiction. The sum recovered shall be for the benefit of the city, town, or fire or water district paying such compensation, unless the sum is greater than the compensation paid to the person so injured, in which event the excess shall be retained by or paid to the person so injured.” G.L.c. 41, §11 IF, par. 2.