## COMMONWEALTH vs. MASSACHUSETTS ORGANIZATION OF STATE ENGINEERS AND SCIENTISTS.

Suffolk. September 4, 1996. - November 4, 1996.

Present: ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Arbitration,* Judicial review, Vacating award, Authority of arbitrator, Collective bargaining. *Public Employment,* Collective bargaining, Union leave of absence, Salary, Sick leave benefits, Vacation pay.

General Laws c. 32, § 28K, proscribes State employees on unpaid union leave from accruing, using or receiving payment from the Commonwealth for vacation time, holidays, and sick leave where those items are a part of the employee's "salary" within the meaning of that statute; accordingly, an arbitration award concluding to the contrary was vacated as exceeding the arbitrator's authority. [669-671]

CIVIL ACTION commenced in the Superior Court Department on April 25, 1994.

The case was heard by *Margot Botsford,* J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James P. McDonagh* (*Ann M. Looney* with him) for the defendant.

*Douglas H. Wilkins,* Assistant Attorney General, for the Commonwealth.

ABRAMS, J. At issue is whether paid vacation, holidays, and sick leave are "salary," which G. L. c. 32, § 28K (1994 ed.),[1] bars the Commonwealth from providing to employees

---

[1]General Laws c. 32, § 28K (1994 ed.), provides: "Any employee of the commonwealth or its political subdivisions who is a full-time representative of an employee organization, which has included in its membership employees of the commonwealth or its political subdivisions shall, while on leave of absence for the purpose of acting as a full-time representative of said employee organization, be considered on leave of absence, without pay, for the period of his assignment as a full-time representative of such employee organization. Such employee shall, however, be credited with credit-

on union leave, or are distinct "benefits and privileges," which § 28K requires the Commonwealth furnish such employees while on union leave. An arbitrator's award required the Commonwealth to credit paid vacation time, holidays, and sick leave to an employee on an unpaid union leave of absence.

At a hearing in the Superior Court, the Commonwealth sought to vacate the award as contrary to public policy and in excess of the arbitrator's authority. The Massachusetts Organization of State Engineers and Scientists (MOSES) sought enforcement of the award. Both parties moved for summary judgment. After hearing, the judge allowed the Commonwealth's motion and denied MOSES' motion, ruling that the award exceeded the arbitrator's authority because it contravenes the statutory scheme set forth in G. L. c. 32, § 28K. MOSES timely appealed. We transferred the case to this court on our own motion. We affirm.

The facts agreed to are as follows. Paul K. Donohue has been an employee of the Massachusetts Highway Department (department) since 1959. Since 1977, he has served as the president of the union, MOSES. With the exception of approximately four months in 1981, Donohue has been on "continuous unpaid leave of absence" from January 2, 1980, through the present, for the purpose of performing his duties as president of MOSES.

While he was on unpaid leave, from 1980 to March, 1992, Donohue submitted time sheets to the department, which the department used to calculate and record his accrued vacation time, sick leave, and holiday pay.[2] Periodically, the department paid Donohue for vacation time, holidays, and sick leave based on these time sheets. The record is unclear as to whether MOSES also paid Donohue for vacation time, holidays, or sick leave during his unpaid leave from the department. There is undisputed evidence, however, that Do-

---

able service, and shall contribute each month to the retirement fund in an amount which he would have contributed had he remained in the service of the commonwealth or its political subdivisions. Such employee of the commonwealth or its political subdivisions shall be entitled to all benefits and privileges, except the payment of salary as provided under this chapter and chapters thirty, thirty-one, and thirty-two during the leave of absence."

[2]During this period, Donohue accrued four or five weeks of vacation time a year and fifteen days of sick leave a year.

nohue did receive pay from MOSES for some of the same days he took as paid vacation from the Commonwealth.

In March, 1992, the department stopped paying vacation time, holidays, and sick leave to Donohue. The department's director of administration had received written notification from the Commonwealth's office of employee relations that the "benefits and privileges" clause of § 28K does not entitle a full-time union employee representative to sick leave or vacation pay. The department informed Donohue that the accruals and payments had been discontinued, and on March 20, 1992, MOSES filed a grievance on his behalf.

The matter subsequently went to arbitration. On April 18, 1994, the arbitrator issued an award which concluded that the department's discontinuation of Donohue's accrual of sick leave and vacation benefits violated the collective bargaining agreement between MOSES and the department. Although the collective bargaining agreement expressly precluded the accrual of vacation time, holidays, and sick leave during unpaid leaves, the arbitrator determined that the parties' course of dealing and "historical interpretation" of the agreement indicated that the preclusion did not apply to unpaid leaves of absence for union business.[3] The arbitrator concluded that the Commonwealth must credit Donohue for paid vacation time, holidays, and sick leave accrued while on unpaid union leave. The arbitrator expressly declined to rule on the department's contention that § 28K bars an employee's claim to payment from the Commonwealth for vacation, holiday, and sick leave accrued while on unpaid union leave of absence.

Arbitration awards are subject to judicial review in limited circumstances. *Massachusetts Highway Dep't* v. *American Fed'n of State, County & Mun. Employees Council 93*, 420 Mass. 13, 15 (1995). Clearly, however, arbitration "may not 'award relief of a nature which offends public policy or which directs or requires a result contrary to express statutory provision.'" *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990), quoting *Lawrence* v. *Falzarano*, 380 Mass. 18, 28 (1980). By statute, courts must

---

[3] The arbitrator erred in considering the historical significance of the department's payments to Donohue under the collective bargaining agreement. The statute clearly prohibits such payments and neither the Commonwealth nor the union may disregard a legislative mandate.

vacate an arbitration award if "the arbitrators exceeded their powers or rendered an award requiring a person to commit an act or engage in conduct prohibited by state or federal law." G. L. c. 150C, § 11 (a) (3) (1994 ed.).

Section 28K is essentially an allocation scheme delineating which obligations to employees on full-time union leave shall be borne by the Commonwealth and which must be borne by the union, and not by the public. Specifically, the statute provides that a public employee who is on full-time union leave must "be considered on leave of absence, *without pay*, for the period of his assignment as a full-time representative" of the union (emphasis added). Such employees also are to "be credited with creditable service," and "entitled to all benefits and privileges, *except the payment of salary* as provided under this chapter and chapters thirty, thirty-one and thirty-two during the leave of absence" (emphasis added).

Union employees must look exclusively to the union for their salary including paid vacation, paid holidays, and paid sick leave. Such employees remain entitled to benefits and privileges which preserve the employees' long-term employment position with the Commonwealth. Among the "benefits and privileges" which the Commonwealth undisputedly must continue to provide employees on full-time union leave are group health insurance coverage, creditable service toward retirement, and statutory procedural protections in adjudicating grievances. These examples all share a common element: the Commonwealth furnishes them to all its employees equally, regardless of salary or hours worked. These benefits are provided independent of salary, whereas the payment of vacation time, holidays, and sick leave is keyed to work performed for a salary. We conclude that for purposes of § 28K, paid vacation time, paid holidays, and paid sick leave are part of Donohue's "salary," and not distinct "benefits and privileges."

We also conclude that the payment of vacation time, holidays, and sick leave and the accrual of same are practical equivalents for purposes of § 28K. The accrual of vacation time, holidays, and sick leave by employees on union leave inevitably entails the "payment of salary" because upon returning to work for the Commonwealth, such employees would become entitled to the use and payment of time accrued while

on leave. See *Massachusetts* v. *Morash*, 490 U.S. 107, 120 (1989) (under ERISA, payments for accrued vacation time "are as much a part of the employees' regular basic compensation as overtime pay or the payment of salary while the employee is absent on vacation"). Moreover, as the Superior Court judge correctly observed in her well-reasoned opinion, "[an] employee earns the vacation, sick leave and holiday time as a function of continued active employment. It runs counter to this basic principle for an employee to accrue paid vacation time, sick leave or holidays for periods of time that he or she is in fact not working, or at least not working for the employer charged with the accruals." See *Rein* v. *Marshfield*, 16 Mass. App. Ct. 519, 523 (1983) (police officers on injury leave of absence do not accumulate vacation and sick pay during the period they are off active duty because vacation and sick pay only accrue for days on the job).

We hold that § 28K proscribes employees on unpaid union leave from accruing, using or receiving payment from the Commonwealth for vacation time, holidays, and sick leave because they are a part of the employee's "salary." Because the arbitration award required the Commonwealth to credit Donohue with vacation time, holidays and sick leave while on unpaid union leave of absence, the award exceeded the arbitrator's authority.

*Judgment affirmed.*