TOWN OF READING *vs*. READING PATROLMEN'S ASSOCIATION,
LOCAL 191.

No. 98-P-515.

Middlesex. February 10, 2000. - November 10, 2000.

Present: JACOBS, RAPOZA, & GELINAS, JJ.

*Arbitration,* Judicial review, Police, Collective bargaining. *Public Policy. Police,* Retirement, Vacation.

In an action seeking review of an arbitration award, a judge of the Superior Court correctly concluded that the arbitrator did not exceed his authority in determining that a permitted past practice under the applicable collective bargaining agreement entitled a police officer, retired on accidental disability, to carry over and be paid for his full accrued and unused vacation time. [470-472]

CIVIL ACTION commenced in the Superior Court Department on February 26, 1997.

The case was heard by *Judith Fabricant,* J., on motions for summary judgment.

*Laurie W. Engdahl* for the plaintiff.

*Kenneth A. Grace* for the defendant.

GELINAS, J. This case presents the question whether an arbitrator exceeded her authority when she determined that Dennis Farrell, employed by the town of Reading (town) as a uniformed police officer, was entitled to carry over his accrued 1994 vacation leave benefits so that they would be paid to him on retirement. The benefits were accrued while he was unable to work and receiving pay pursuant to injured-on-duty (IOD) leave (G. L. c. 41, § 111F). The town appeals from a judgment in the Superior Court granting the Reading Patrolmen's Association, Local 191's (association), motion for summary judgment, affirming the arbitrator's award, and denying that of the town. We affirm the judgment of the Superior Court.

We take the facts from the arbitrator's decision. The town

employed Farrell as a police officer from July 13, 1971, until he left the force in October of 1995, on accidental disability retirement. Farrell had become disabled as a result of a heart condition on June 29, 1994. The IOD leave, and the accidental disability retirement, were awarded under the provisions of the "heart bill."[1]

The collective bargaining agreement (CBA) contained several provisions pertinent to the vacation accrual issue, among which were:

> *Section 1.3.2*: "All job benefits heretofore enjoyed by the employees will continue under the conditions upon which they had previously been granted . . . ."

> *Section 2.3.6*: "Vacations must be taken within the calendar year. An employee granted up to 21 days vacation may elect to carry over 7 days of vacation into the next calendar year. . . . Any vacation carried over must be taken by June 30 of the next calendar year. All carry over must have prior approval of the Chief."

> *Section 2.3.10*: "Whenever the employment of a person is terminated during the year by dismissal through no fault or delinquency on his/her part, or by resignation in good standing, retirement or death, (s)he . . . shall be paid at the regular rate of compensation payable at the termination of employment, an amount in lieu of earned but unused vacation."

Farrell, being on IOD leave, did not use his 1994 accrued vacation, nor any portion thereof that might have carried over to 1995 under section 2.3.6.[2]

The CBA did not address vacation carryover for employees who were absent from work, whether because of IOD status or

---

[1]General Laws c. 32, § 94, provides in pertinent part: "Notwithstanding the provisions of any general or special law to the contrary affecting the non-contributory or contributory system, any condition of impairment of health caused by hypertension or heart disease resulting in total or partial disability or death to a . . . permanent member of a police department, . . . shall . . . be presumed to have been suffered in line of duty, unless the contrary be shown by competent evidence."

[2]The town cannot substitute vacation time for payments due police officers on IOD status. See *Carvalho* v. *Cambridge*, 372 Mass. 464, 465-466 (1977); *Cassidy* v. *Newton*, 386 Mass. 1002 (1982).

otherwise, and who therefore did not utilize vacation time. Further, no language in the CBA specifically addressed whether employees would continue to accrue vacation time while out on IOD leave; on this issue, however, the arbitrator found that both the association and the town agreed that bargaining unit members on IOD leave were entitled to accrue vacation and sick benefits. The town maintains, however, that any such accruals are governed by section 2.3.6 of the contract, that is, they are lost if not used within the time specified in the agreement.

The town paid Farrell his entire 1995 vacation accrual when he retired in October of 1995, but refused to pay any amount for accruals in 1994. Farrell grieved, claiming that under the town's "past and usual practice," he was owed for vacation accrued in 1994, but not used because of his IOD status.

The arbitrator determined, with respect to Farrell's argument concerning past practice, that the town, under a prior contract, had paid a police officer, retiring on accidental disability, his full accrued and unused vacation time, amounting to thirty-four days. The then operative contract contained a provision limiting the amount of vacation carry over to one week. The accruals, according to a section in that contract similar to section 2.3.6, would have been lost as unused, had he remained on active duty.

The arbitrator further determined that, with respect to the current CBA, the parties did not bargain any change in benefits for employees out on IOD leave. Thus, the arbitrator reasoned, section 1.3.2, set forth above, controlled the current contract and permitted past practice, under a prior contract, to govern. We think this to be a correct result.

*Discussion.* There is a "strong public policy favoring arbitration." *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990). See generally *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960).

Judicial review of an arbitration award is narrow and circumscribed. Absent fraud, illegality in the award, or procedural defect (none of which is claimed here), a "court's inquiry is confined to the question whether the arbitrator exceeded the scope of [her] reference or awarded relief in excess of [her] authority." *School Comm. of Waltham* v. *Waltham Educators Assn.*, 398 Mass. 703, 705-706 (1986). General Laws c. 150C, § 11(*a*)(3), limits review to whether "arbitrators

exceeded their powers or rendered an award requiring a person to commit an act or engage in conduct prohibited by state or federal law."

Neither error of law nor fact in an arbitrator's decision permit an award to be set aside. *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.,* 363 Mass. 386, 391 (1973). A court cannot reexamine the arbitrator's interpretation of the contract. *Concerned Minority Educators of Worcester* v. *School Comm. of Worcester,* 392 Mass. 184, 187 (1984) ("we have no business overruling an arbitrator because we give a contract a different interpretation"). Here, the arbitrator, in a well-reasoned decision, determined that police officers on injured leave were entitled to benefits beyond those provided by G. L. c. 41, § 111F, because (a) the town and the association agreed that the CBA provided for benefits in addition to pay provided by G. L. c. 41, § 111F; and (b) there was a past practice of paying for benefits, accrued while the employee was on IOD status, that might otherwise have been lost by application of section 2.3.6.

Citing our decision in *Rein* v. *Marshfield,* 16 Mass. App. Ct. 519 (1983), the town argues that there is an "absence of clear language" in the agreement with respect to the accrued and unused benefits in question and that, therefore, the arbitrator's decision exceeds her authority. The argument fails for several reasons.

*Rein* v. *Marshfield, supra,* involved a petition for declaratory judgment brought in Superior Court. In that action, Rein and another police officer sought to establish that benefits payable to them under G. L. c. 41, § 111F, should include accrued vacation and sick time. We held that the language, "without loss of pay," did not include such accrued vacation or sick time. 16 Mass. App. Ct. at 523. We further held, however, that as a matter of collective bargaining, such benefits might be contractually available. *Ibid.*[3] Section 2.3.10 of the CBA specifically provided that certain vacation and sick leave benefits might be accrued by employees on IOD leave and that accrued benefits be paid on retirement. The town does not challenge its obligation to pay benefits accrued in the year of retirement. There is clear language in the CBA permitting such payments.

---

[3]We also noted in *Rein* that G. L. c. 150E, § 7(*d*), resolved any conflict in favor of the contract, thus removing any contention that such an award might be in violation of a statute. 16 Mass. App. Ct. at 523. See,.e.g., *School Comm. of Medford* v. *Medford Pub. Sch. Custodians Assn.,* 21 Mass. App. Ct. 947, 948 (1986).

Even absent clear contractual language, payment of these benefits are not precluded by the language of *Rein.* Any arbitral award allowing the accrual of such benefits would not be subject to judicial review. Notwithstanding that such an award might involve an error of law, "[w]e do not, and cannot, pass on an arbitrator's alleged errors of law." *Massachusetts Hy. Dept. v. American Fedn. of State, County & Mun. Employees, Council 93,* 420 Mass. 13, 15 (1995), quoting from *Concerned Minority Educators of Worcester* v. *School Comm. of Worcester,* 392 Mass. at 187.

General Laws c. 150E, § 7(*d*)(*e*), permits accrual of these benefits notwithstanding any implied prohibition by G. L. c. 41, § 111F. This statutorily permitted accrual is indicative of public policy not prohibiting such awards. See *Delta Air Lines, Inc.* v. *Air Line Pilots Assn., Intl.,* 861 F.2d 665, 671 (11th Cir. 1988), cert. denied, 493 U.S. 871 (1989). Further, the arbitrator found, as Farrell argued, that the payment was supported by past practice; at least one officer had been paid his full, unused vacation days credit, some of which accrued while he was on IOD status and receiving payment under G. L. c. 41, § 111F, and subsequent to the time in which an employee normally would lose his benefits under the contract. Past practice is an appropriate method of resolving issues in collective bargaining agreements where some terms, as here, are ambiguous. *Chief Administrative Justice of the Trial Ct.* v. *Service Employees Intl. Union, Local 254,* 383 Mass. 791, 794 (1981). As we said in *Duxbury* v. *Duxbury Permanent Firefighters Assn., ante* 461, 465 (2000), nothing in *Rein* v. *Marshfield, supra,* or G. L. c. 41, § 111F, prohibits the town from granting the benefits ordered by the arbitrator. On the contrary, G. L. c. 150E, § 7(*d*), expressly permits collective bargaining agreements to supercede § 111F. See *Foley* v. *Northbridge,* 14 Mass. App. Ct. 526, 532 (1982). The judgment of the Superior Court is affirmed.

*So ordered.*