JOHN L. WILLIS *vs.* BOARD OF SELECTMEN OF EASTON
& others.[1]

Bristol. February 9, 1989. — June 14, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Fire Fighter*, Incapacity. *Practice, Civil*, Findings by judge. *Municipal Corporations*, Collective bargaining, Fire department. *Contract*, Collective bargaining contract. *Evidence*, Relevancy and materiality, Hearsay. *Words*, "Injury."

A judge's order in a civil action tried without a jury satisfied the requirements of Mass. R. Civ. P. 52 (a), where, although not detailed, it included the essential findings of fact and conclusions of law to support his decision. [161-163]

A collective bargaining agreement between a town and its firefighters did not conflict with or override the provisions of G. L. c. 41, § 111F, relating to compensation of public safety employees for work-related injuries, with the result that an injured employee was not required to exhaust the remedies available under the collective bargaining agreement before commencing an action for a declaration of his rights under the statute. [163-165]

In a civil action brought by a public safety employee seeking a declaration of his rights to compensation under G. L. c. 41, § 111F, for a work-related injury, the judge's finding that the plaintiff injured himself in the performance of his duty as a fire fighter was supported by the evidence and was not clearly erroneous. [165-167]

In a civil action in which the plaintiff sought a declaration of his rights to compensation under G. L. c. 41, § 111F, for a work-related injury, the judge properly excluded as evidence a medical report offered by the defendants, where the report was hearsay not fitting within any exception to the hearsay rule. [167]

CIVIL ACTION commenced in the Superior Court Department on September 17, 1985.

The case was heard by *James P. McGuire*, J.

---

[1] The town administrator, the town treasurer, and the town fire chief. We refer to all defendants collectively as the town.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Philip Collins* for the defendant.

*Kevin P. Phillips (William A. Navarro* with him) for the plaintiff.

LIACOS, J. The plaintiff, John L. Willis, a fire fighter for the town of Easton (town), filed a complaint against the town seeking a declaration of his rights to compensation under G. L. c. 41, § 111F (1986 ed.) (compensation for public safety employees). The plaintiff's action was based on his alleged work-related back injury. A Superior Court judge rendered a judgment ordering the town to pay Willis his regular compensation and to restore Willis's sick leave. The judgment further required the town to continue Willis's compensation under § 111F until he retires or recovers.

The town appeals the judgment claiming that (1) the trial judge erred in failing to make specific findings of fact and conclusions of law as required by Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974); (2) the action should have been dismissed because the dispute was subject to a valid collective bargaining agreement and Willis failed to utilize the grievance procedure; (3) the ultimate finding for the plaintiff was erroneous; and (4) the judge erred in excluding the report of a medical panel appointed to review Willis's application for disability retirement.

Willis has been employed as a fire fighter for the town since May, 1968. On November 7, 1983, Willis changed a tire on a fire truck and felt a pull, a sharp pain, in his lower back. The fire department procedure for reporting injuries included making a report to the captain on duty and documenting the injury in a journal. Willis did not file any injury reports or seek medical attention at that time. He continued to work regular shifts.

On December 26, 1983, Willis drove to Maine for a one-week vacation. After arriving in Maine, he began to experience pain in his back. On December 30, 1983, he returned to Massachusetts and went to the Goddard Memorial Hospital emergency room. Willis was instructed to apply heat to his

back, to get bed rest, and not to return to work for a week. Willis called in sick on January 2, 1984, the day he was scheduled to return to work after his vacation. His absence from work was charged to his sick leave.

On January 9, 1984, Willis consulted Dr. B. Hoagland Rosania because of his continuing back pain.[2] In January, 1984, Willis discussed his back condition and its relation to the November 7 incident with the fire chief. Willis filed an incident report at that time. The chief and the town administrator refused to place Willis on "injured on duty" status. Willis eventually met with the board of selectmen in an attempt to receive compensation pursuant to G. L. c. 41, § 111F. Willis was not placed on "injured on duty" status. Willis exhausted his sick leave and returned to work on "light duty" status on April 2, 1984, dispatching fire apparatus and answering the telephone. Willis remained on light duty status until September, 1985. In September, 1985, the fire chief ordered Willis to return to full time duty. Willis then filed this suit.

1. *The Findings of Fact and Conclusions of Law.*

The town challenges the judge's order, arguing that the judge failed to comply with Mass. R. Civ. P. 52 (a). This rule requires a judge who sits without a jury to set forth findings of fact and conclusions of law to support his or her decision.[3] We conclude that the judge's order, although not detailed to the extent that is desirable, substantially complies with rule 52 (a) because it includes the essential findings of fact and conclusions of law.

We have previously stated that rule 52 (a) does not require extensive detail and only imposes a duty on a judge to articulate the essential grounds for a decision. *Schrottman* v. *Barnicle*, 386 Mass. 627, 638 (1982), citing Advisory Committee Note on 1946 Amendment to Fed. R. Civ. P. 52 (a). Such findings

---

[2] Willis continued to see Dr. Rosania concerning his back injury in February, March, and April, 1984.

[3] Rule 52 (a) of the Mass. R. Civ. P., provides in pertinent part: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon. . . . Requests for findings are not necessary for purposes of review."

of fact and conclusions of law ensure that a judge has dealt fully and properly with all the issues, and that the parties and reviewing court may be fully informed as to the bases for the judge's decision. *Schrottman, supra* at 639. *Markell* v. *Sydney B. Pfeifer Found., Inc.*, 9 Mass. App. Ct. 412, 416 (1980). *Roberts* v. *Ross*, 344 F.2d 747, 751-752 (3d Cir. 1965). "The nature and exactness of the findings required depends on the circumstances of the particular case." *Leader* v. *Hycor, Inc.*, 395 Mass. 215, 224 (1985), quoting *Kelley* v. *Everglades Drainage Dist.*, 319 U.S. 415, 419 (1943).

The judge's order and judgment stated that Willis is a fire fighter, that he suffered a back injury, that he is incapacitated for duty, that his injury was sustained in the performance of his duty without fault of his own, that the town failed to present evidence that Willis's incapacity no longer exists, and that Willis is not yet retired or pensioned.[4] This was sufficient

---

[4] The town raises several specific objections to the judge's findings of fact and rulings of law which illustrate the type of detail that Mass. R. Civ. P. 52 (a) does not require. In the town's view, the judge did not address Willis's failure to "mitigate his condition." The judge found that Willis was incapacitated for duty because of an injury sustained in the performance of duty without fault of his own. This sufficiently addressed the issue of Willis's contribution to his injury. The judge was not required to accept the town's view that the plaintiff should have done more to restore his health. See *Akins's Case*, 302 Mass 562, 565 (1939). Additionally, there is no basis to challenge the judge's finding that the plaintiff's injury was suffered "without fault of his own." See *DiGloria* v. *Chief of Police of Methuen*, 8 Mass. App. Ct. 506, 512-515 (1979) (stating that "without fault of his own" should be construed to mean serious and wilful misconduct on part of employee).

The town also argues that the judge did not specify whether Willis's failure to exhaust contractual remedies under his collective bargaining agreement barred recovery in his suit. We have no difficulty ascertaining that the judge rejected this defense. Additionally, this claim is one of a defense in law, not fact. The absence of more specific conclusions of law on this issue, even if needed to fulfil the technical aspects of rule 52 (a), does not warrant a remand. *Schrottman, supra* at 638-639 n.8, citing *Commonwealth* v. *One 1969 Mercedes-Benz Auto.*, 375 Mass. 663, 666 n.3 (1978). We deal with this legal issue in our discussion in section 2, *infra*.

The town argues lastly that the judge should have stated whether the fire chief had a statutory or contractual right to terminate Willis's light duty status. We disagree. This was a tangential issue which the judge need not have addressed specifically. See G. L. c. 41, § 111F, under which Willis filed suit.

under G. L. c. 41, § 111F, which states that, "[w]henever a
. . . fire fighter . . . is incapacitated for duty because of injury
sustained in the performance of his duty without fault of his
own, . . . he shall be granted leave without loss of pay for the
period of such incapacity; provided, that no such leave shall
be granted for any period after such . . . fire fighter has been
retired or pensioned . . . or . . . a physician . . . determines
that such incapacity no longer exists." The judge's findings
and conclusions satisfied rule 52 (a). Contrast *Leader* v. *Hycor,
Inc.*, 395 Mass. 215, 224 (1985) (case remanded for judge to
explicate grounds for conclusion that stock price offered to
minority shareholders by defendants was fair and reasonable);
*Schrottman* v. *Barnicle*, 386 Mass. 627, 639-640 (1982) (case
remanded to determine whether judge applied proper negli-
gence standard); *Cormier* v. *Carty*, 381 Mass. 234, 236-237
(1980) (court did not condone findings and conclusions pre-
pared ex post facto by counsel, and then signed by judge).

2. *The Collective Bargaining Agreement.*

The town argues that its refusal to accept Willis's back
ailment as job-related was a grievable matter under the griev-
ance procedures of the fire fighters' collective bargaining agree-
ment. The town argues that Willis has not exhausted the remedies
available to him under the agreement's grievance provisions, and
that the court should not exercise jurisdiction over the matter.[5]
Willis argues that the collective bargaining agreement does not
pertain to this dispute, which concerns the proper application
of G. L. c. 41, § 111F. Willis argues further that the agreement
does not override § 111F in the absence of clear language
expressing that intent. We agree and conclude that Willis's
action is not barred by the collective bargaining agreement.

---

[5] The collective bargaining agreement requires that grievances be pre-
sented to the fire chief within ten days. The employee should then present
a written grievance to the town administrator, and later, to the board of
selectmen. A dispute is ultimately submitted to arbitration. Although Willis
had some discussion with the fire chief in January, 1984, he did not submit
a written grievance to the town administrator or to the board of selectmen.
Willis did make an oral complaint to the town administrator and appeared
before the board of selectmen to complain in June, 1984. The dispute was
never submitted to arbitration.

This case involves the interpretation and application of G. L. c. 41, § 111F, rather than that of a provision of the collective bargaining agreement. Indeed, the agreement does not address Willis's statutory right of compensation under § 111F. Article VII of the agreement specifically defines "grievance" as a dispute over the application, meaning, or interpretation of a specific provision of the agreement. Willis was not obligated to submit his dispute to the grievance procedure because the collective bargaining agreement does not govern his dispute.[6] See *International Bhd. of Elec. Workers, Local 1228* v. *Freedom WLNE-TV, Inc.*, 760 F.2d 8, 10 (1st Cir. 1985) (parties to collective bargaining agreement bound to arbitrate only disputes within scope of arbitration clause); *Local 149, Am. Fed'n of Technical Eng'rs* v. *General Elec. Co.*, 250 F.2d 922, 930 (1st Cir. 1957), cert. denied, 356 U.S. 938 (1958) (dispute not involving interpretation or application of agreement not subject to compulsory arbitration).

The town cites only one provision in the collective bargaining agreement as relevant to this dispute. Article IX, paragraph F, states that "[l]oss of time directly attributed to injury incurred while performing assigned duties shall not be charged to sick leave."[7] We are reluctant to construe a collective bargaining

---

[6] The town's claim that *Worcester* v. *Borghesi*, 19 Mass. App. Ct. 661 (1985), is authority for the proposition that an employee *must* resort to grievance procedures is not persuasive. In *Borghesi*, the employee chose to pursue the grievance and arbitration process. Whether the employee was *required* to do so, as the town claims, was not in issue.

We are aware of Supreme Court decisions which require an employee to exhaust union grievance procedures before bringing a lawsuit. *Republic Steel Corp.* v. *Maddox*, 379 U.S. 650, 652 (1965). Exceptions do exist. *Vaca* v. *Sipes*, 386 U.S. 171, 185, 190-193 (1967). We conclude that Willis's dispute was not governed by his collective bargaining agreement and that, therefore, he was not obligated to exhaust his contractual remedies before bringing suit. *Lingle* v. *Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988) (where resolution of State law claim does not depend on collective bargaining agreement, State claim is independent, and not preempted by Federal law).

[7] General Laws c. 150E, § 7, states that, if a collective bargaining agreement and a statutory provision such as G. L. c. 41, § 111F, conflict, "the terms of the collective bargaining agreement shall prevail." The Appeals Court has ruled that a dispute must be resolved under a collective bargaining

agreement as one which overrides statutory provisions absent clear language expressing that intent. See *Rein* v. *Marshfield*, 16 Mass. App. Ct. 519, 524 (1983); *Chalachan* v. *Binghamton*, 55 N.Y.2d 989, 990 (1982).

We conclude that Willis's collective bargaining agreement neither conflicts with, nor overrides, the provisions of G. L. c. 41, § 111F. This action was not barred by the plaintiff's failure to exhaust the remedies of his collective bargaining agreement.

3. *Review of the Judge's Order and Judgment.*

The town challenges the judge's ultimate finding that Willis is a fire fighter incapacitated for duty because of an injury sustained in the performance of duty without fault of his own. A judge's findings of fact will not be set aside unless they are clearly erroneous. Mass. R. Civ. P. 52 (a) ("Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge . . . the credibility of the witnesses"). See *Jones* v. *Wayland*, 374 Mass. 249, 255 (1978), *S.C.*, 380 Mass. 110 (1980). The test to assess whether a finding is clearly erroneous is whether, "although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Sanguinetti* v. *Nantucket Constr. Co.*, 5 Mass. App. Ct. 227, 228 (1977), quoting *United States* v. *United States Gypsum Co.*, 333 U.S. 364, 365 (1948).

There is ample evidence that Willis injured his back in the performance of his duties as a fire fighter. Willis testified that on November 7, 1983, while changing a tire on a fire truck, he felt a sharp pain in his lower back. He testified that he told a fellow fire fighter, John Magoon, and the fire captain about the incident. By stipulation, an affidavit of fire fighter Magoon was admitted in evidence; the affidavit stated that Magoon

---

agreement when statutory provisions and the terms of a collective bargaining agreement conflict. *Foley* v. *Northbridge*, 14 Mass. App. Ct. 526, 529-530 (1982). No such conflict exists here. Article IX, paragraph F, is consistent with § 111F. We have held that job-related injury is compensable under § 111F without charge to sick leave. *Carvalho* v. *Cambridge*, 372 Mass. 464, 465 (1977).

knew Willis injured his back on November 7 while changing a tire on a fire truck. A memo from the fire captain to the fire chief stated that one other fire fighter named Hollis recalled that Willis complained that he "broke his ass" fixing the truck.

Medical evidence introduced at trial also supports the judge's finding that Willis injured himself in the performance of his duty. The entire medical evidence at trial consisted of written reports by Dr. B. Hoagland Rosania, Willis's physician, and Dr. A. Walter Ciani, the physician for the town. Willis consulted Dr. Rosania on January 9, 1984, complaining of lower back pain for the previous two weeks. Dr. Rosania concluded that Willis suffered degenerative disc disease which was "probably related to his job activities over the years," and that his condition was aggravated by his work status as a fire fighter. Dr. Rosania believed that Willis suffered a thirty percent functional disability and recommended that Willis avoid "prolonged standing, lifting, or excessive activity on his feet." Dr. Ciani examined Willis and reviewed his medical records. Dr. Ciani agreed that Willis suffered from degenerative disc disease but felt that the connection between Willis's alleged injury and his present condition was "rather difficult to establish" and that such "a causal connection would be a little on the long side."

The town points out that both physicians concluded that Willis suffers from chronic degenerative disc disease, and argues that Willis's condition probably existed for a number of years. Although Willis does have degenerative disc disease, there was ample evidence for the judge to conclude that his back injury aggravated that condition. An employee may recover even if his or her injury is partially due to the employee's own weakness or vulnerability. *Zerofski's Case*, 385 Mass. 590, 593 (1982) (interpreting G. L. c. 152, § 26, workers' compensation statute). If a condition of work or an incident at work aggravates a preexisting health problem, the employee has suffered an injury and is entitled to recover for the disability. *Id.* and cases cited. An "injury," for purposes of G. L. c. 41, § 111F, need not be traumatic in origin. See *Blair* v. *Selectmen of Brookline*, 26 Mass. App. Ct. 954 (1988) (police officer who suffered hypertension brought on by police work suffered an "injury" under § 111F).

The judge's finding was supported by the evidence and was not clearly erroneous.

4. *The Admissibility of a Medical Panel Report.*

The town sought to introduce the report of the medical panel appointed under G. L. c. 32, § 6, to evaluate Willis's disability retirement application. Willis's counsel objected on the grounds of relevance. The judge excluded the evidence.

Willis's counsel argues that the panel's report was not relevant to this dispute because G. L. c. 32, § 6, requires a higher standard of causation than does G. L. c. 41, § 111F, and cites *Campbell* v. *Contributory Retirement Appeal Bd.*, 17 Mass. App. Ct. 1018 (1984) (work must be more than contributing cause of injury). We conclude that if the report was not inadmissible on relevance grounds, it was inadmissible as hearsay not fitting within any exception. *Commonwealth* v. *Mandeville*, 386 Mass. 393, 397 (1982) (no error where judge excluded evidence on incorrect ground, if evidence is inadmissible on another ground). *Rubin* v. *Arlington*, 327 Mass. 382, 385 (1951) (judge's exclusion of evidence upheld if it can be supported on any legal ground). Cf. *Votour* v. *Medford*, 335 Mass. 403, 405 (1957) (medical panel report admitted in evidence as exhibit, apparently without objection); *Hayes* v. *Revere*, 24 Mass. App. Ct. 671, 675 (1987) (city could rely on report of medical panel to determine its obligations under G. L. c. 41, § 111F; there is no reference by the court to any objection to the admission of the report in evidence).

*Judgment affirmed.*