Lauriat, J.
Plaintiff, Massachusetts Bay Transportation Authority (NBTA), brought this action to vacate an arbitration award granted in favor of MBTA police officer Arthur Ginnetty (“Ginnetty”) concerning his fitness to perform light duty work. The arbitrator issued his decision on September 3, 1994, and on October 7, 1994, the MBTA filed a complaint and motion to vacate the award. The MBTA now moves for summary judgment on its motion to vacate the arbitration award, asserting that, as a matter of law, the arbitrator’s decision exceeded his authority and violates the MBTA’s management rights statute. The defendant, International Brotherhood of Police Officers, MBTA Police Association, Local 639, (“IBPO”) has *524 cross-moved for confirmation of the arbitrator’s award. For the following reasons, the MBTA’s Motion in Supp or t of Motion for Summary Judgment to Vacate Arbitration Award is DENIED, and the IBPO’s Motion for Confirmation of Arbitrator’s Award is ALLOWED.
BACKGROUND
On March 14-15, 1994, the MBTA Police Association and the MBTA engaged in an arbitration hearing to determine whether the MBTA was abiding by the medical restrictions contained in a third-party physician’s report concerning Ginnetty’s fitness to perform light duty work. Without waiving its statutorily-protected management rights under G.L.c. 161A, §19, to assign employees and to establish standards, the MBTA participated in the grievance process and arbitration hearing. The issue presented to the Arbitrator at the hearing was, “Did the MBTA violate the [Collective Bargaining Agreement] by not abiding by, or use as binding, the third-party neutral doctors [sic] report? If so, what shall be the remedy?”
After the hearing, the arbitrator concluded that the MBTA had violated Article XIV, §3, of the parties’ collective bargaining agreement by assigning the employee to a light duty position upon receipt of the third-party physician’s report. The arbitrator found that the MBTA’s utilization of a third-party physician to evaluate the employee’s fitness for duty was appropriate, but that the MBTA failed to “adequately describe to the reviewing physician the nature and weight of his responsibility and authority.” Award of Arbitrator, p. 14.
The arbitrator issued three remedial orders:
(1) . . . The parties are ordered to bargain in accordance with Dr. Dorn’s report concerning the parameters of [Ginnetty’s] return to work.
(2) If the parties reach impasse in such bargaining, . . . [the] Article XIV, Section 3 [third-party physician procedure] [shall] again be invoked, and [the] neutral doctor selected shall be provided with a copy of the relevant contract language so that he/she can fully understand and appreciate the nature and scope of his/her review and report.
(3) The grievant, Arthur Ginnetty, shall be returned to “injury on duty leave” status retroactive to July 27, 1992 . . .
As a result of this decision, Ginnetty has not reported to work since September 9, 1994.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, the moving party may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
General Laws c. 150C provides for very limited judicial review of an arbitrator’s award. “Absent fraud, the court’s inquiry is confined to the question of whether the arbitrator exceeded the scope of his reference or awarded relief in excess of his authority.” School Committee of Waltham v. Waltham Educators Association, 398 Mass. 703, 705-706 (1986); School Committee of West Springfield v. Korbut, 373 Mass. 788, 791-92 (1977). An arbitrator’s decision is.binding even if he has committed an error of law or fact in arriving at his decision. Worcester v. Borghesi, 19 Mass.App.Ct. 661, 665 (1995). Neither party has presented evidence of fraud; therefore, the court limits its inquiry to whether the arbitrator exceeded his authority.
As a matter of law, the MBTA asserts that the arbitrator exceeded his authority when he ordered relief in violation of the MBTA’s management rights statute, G.L.c. 161A, §19. General Laws c. 161A, §19, prevents the MBTA from bargaining collectively “with respect to matters of inherent management right. . .”
For the purposes of this challenge to the arbitrator’s award, only subsections (i) and (iv) of §19, are applicable. These subsections provide that the MBTA’s “inherent management right” includes the right to “direct, appoint, employ, assign and promote officers, agents, and employees and to determine the standards therefor,” G.L.c. 161A, §19(1), and “to direct, supervise, control, and evaluate the departments, units and programs of the authority; to classify the various positions of the authority and ascribe duties and standards of productivity therefor.” G.L.c. 161A, §19(iv).
By its enactment of the MBTA’s current management rights statute, G.L.c. 161A, §19 (1980), the Legislature determined that certain employment-related issues — assignment, hiring, promotions, job classification, superintendency of departments and *525 programs, employment standards and duties — were matters of inherent management right and, therefore, within the sole decision-making authority of the MBTA. The Supreme Judicial Court has upheld this broad language, stating that the MBTA’s inherent management rights to “appoint,” “employ,” “assign,” and “determine levels of staffing” were not “susceptible to collective bargaining ...” Local 589, ATU v. Mass. Bay Transp. Authority, 392 Mass. 407, 416 (1984).
The MBTA has cited several cases which support the proposition that the MBTA, pursuant to G.L.c. 161A, §19, retains the right to assign employees. International Brotherhood of Police Officers (“IBPO”), Local 639, et al. v. Mass. Bay Transp. Authority, Suffolk Superior Court, Civil Action No. 93-2826-C (the MBTA’s power to assign employees is unqualified and immutable under the statute); Local 589 v. Mass. Bay Transp. Authority, 406 Mass. 36, 40-41 (1989) (MBTA decision to assign positions to qualified minorities instead of according to seniority was an appropriate exercise of its management rights); Mass. Bay Transp. Authority v. Office and Professional Employees’ International Union, Local 6, Suffolk Superior Court, Civil Action No. 87-6048 (MBTA’s management rights to appoint and promote its employees are beyond the scope of bargaining); Local 589, ATU v. Mass. Bay Transp. Authority, Suffolk Superior Court, Civil Action No. 94-2092 (when deciding whether to promote employees from part-time to full-time status, the MBTA may unilaterally impose promotional standards, because it has the inherent management right to “ ‘assign and promote’ employees and ‘to determine the standards therefor’ ”); Local 589, et al. v. Mass. Bay Transp. Authority, Suffolk Superior Court, Civil Action No. 90-242 (relying on its inherent management right to unilaterally set standards for employment, the MBTA may issue a Drug and Alcohol Policy and such policy is not subject to collective bargaining).
Each of these decisions, however, is distinguishable from the present case because each relates to general policies concerning the MBTA’s authority and ability to assign employees. The present case concerns only the method by which the MBTA has agreed to exercise that authority. Under the collective bargaining agreement, the MBTA has retained the authority to assign positions to employees. What it has bargained for under the agreement is the process through which it has assented to do so.
General Laws chapter 161A, §19 is concerned only with interest arbitration and the terms of future collective bargaining agreements. It does not prohibit grievance arbitration of disputes arising under valid preexisting agreements. Boston Lodge 264, Int’l. Assn. of Machinists v. Mass. Bay Transp. Authority, 389 Mass. 819, 822 n.3 (1983). Here, the MBTA has defined the assignment and the third-party physician has made the medical judgment as to whether the injured employee can perform that assignment. To hold that the MBTA can ignore the grievance procedures outlined in the collective bargaining agreement would improperly allow the MBTA to step into the shoes of a doctor and determine the health of an individual employee.
Since the court concludes that the arbitrator’s award did not exceed the scope of his authority in the arbitration at issue, the court allows defendant’s motion to affirm the arbitrator’s award and denies the plaintiffs motion for summary judgment.
ORDER
For the foregoing reasons, Plaintiffs Motion for Summary Judgment is DENIED, and Defendant, International Brotherhood of Police Officers, MBTA Police Association, Local 639, Motion for Confirmation of an Arbitrator’s Award is ALLOWED.