Agnes, A. J.
This is a civil action filed by the plaintiff School Committee of the City of Lowell against defendant Local 159, S.E.I.U., the exclusive bargaining representative for the members of the cafeteria staff of the City of Lowell, to vacate the award of an arbitrator. See G.L.c. 150C, §§10 & 11. The parties proceeded to arbitration on the basis of a stipulation that the issue was whether the plaintiff violated the collective bargaining agreement when it required cafeteria workers on injured leave to return to work to perform “light duty.” The collective bargaining agreement is silent on the matter and does not contain any reference to “light duty” assignments. The arbitrator ruled that there was a past practice of not permitting injured workers to return for light duty assignments, that such assignments should be the subject of collective bargaining before either side takes any unilateral action, and that until such time as the parties bargain and agree to terms, the plaintiff School Committee is to cease making orders for such employees to return to work for light duty.
The parties agreed at oral argument that the matter should be considered as a motion for summary judgment under Mass.R.Civ.P. 56. The plaintiff makes four arguments in support of its contention that the decision of the arbitrator was unlawful because it exceeded his authority and violated public policy. See G.L.c. 150C, §11(3). First, plaintiff argues that the arbitrator exceeded his jurisdiction by restricting the School Committee from ordering injured cafeteria workers to return to work for light duty. The plaintiff reasons that the matter is beyond the authority of the arbitrator because it is not covered by the terms of the collective bargaining agreement, and is, instead, an option reserved to the School Committee under G.L.c. 152, §10C. However, that statute, by its express terms, provides that the creation of a light duty program may be established as a result of collective bargaining, and directly undercuts the plaintiffs position. Contrast Hanover v. Curry, 3 Mass.App.Ct. 151, 155 (1975) (Court vacated arbitrator’s award because it interfered with a nondelegable authority of the school committee conferred by statute). This is not a case in which there is a conflict between the express terms of a collective bargaining agreement and a statutory provision such that the terms of the agreement trump the statute. See G.L.c. 150E, §7. Rather, it is a case in which one party to the agreement acted unilaterally with respect to a matter that relates to the terms and conditions of employment and that is not expressly covered in the agreement.
The plaintiffs second argument is that the reservation clause in the collective bargaining agreement (“The Committee reserves the right to set policies and regulations in all areas for which specific procedures or limits are not defined in this Agreement”) confers on it a nondelegable authority to establish a light duty program because the same is not otherwise covered in the Agreement. This argument also is undercut by the terms of G.L.c. 152, §10C which states that establishment of a light duty program is specifically a matter for collective bargaining. An interpretation of the collective bargaining agreement’s reservation clause as an implied grant of a nondelegable duty to management to establish a term and condition of employment that by statute has been characterized as one that should be subject to collective bargaining would contravene the intent of the legislature in enacting G.L.c. 152, §10C. See Willis v. Board of Selectmen of Easton, 405 Mass. 159, 164-65 (1989) (“We are reluctant to construe a collective bargaining agreement as one which overrides statutory provisions absent clear language expressing that intent”). The reservation clause, instead, is a mechanism that insures that matters that are clearly within management’s prerogative such as the determination of the level of services, are not made subject to the grievance process and arbitration. See Thibodeau v. Seekonk, 40 Mass.App.Ct. 367, 371 & n.5 (1996).
The plaintiffs third argument is that under Article IV of the collective bargaining agreement it has the sole and exclusive authority with regard to the “promotion, assignment and transfer of employees” and that the establishment of a light duty program was merely incidental to this nondelegable managerial authority to assign employees. Whatever the scope of the assignment power might be, when a statute (G.L.c. 152, §10(0) specifically describes a term and condition of employment such as light duty as a matter for collective bargaining, and the agreement is silent on the point, management cannot claim that it possesses a nondelegable authority to act on the basis of an implication from an existing authority such as the power to transfer. Moreover, the plaintiff disregards the implication of the arbitrator’s determination that there was a past practice of not assigning employees to light duty. See Chief Justice of the Trial Court v. S.E.I.U., Local 254, 383 Mass. 791, 792-93 (1981) (an established past practice may not be terminated unilaterally). Even if the court were to disregard the significance of G.L.c. 152, §10C and assume that the power to assign and transfer employees may include the power to assign them to light duty, there is nothing in the agreement or the statutory law that suggests that such a power is within the exclusive authority of management. In light of the past practice found by the arbitrator, there was a dispute about a term and condition of employment that the arbitrator was empowered to determine.
The fourth and final argument advanced by the plaintiff is that the arbitrator’s decision is in violation of state law because it contravenes a public policy in favor of returning injured or sick employees to work. *716 It is true that an examination of state and federal laws permits one to infer a public policy that favors the rights of workers suffering from certain types of disabilities to be given opportunities for continued employment. Further, our law seeks to avoid the payment of disability benefits to employees who are injured by promoting “the continued employment of injured members through medical and vocational rehabilitation, reasonable accommodation of injured workers, and a safer workplace.” G.L.c. 32, §5B(a). See also Plaintiffs Brief at 10-11. However, none of this is inconsistent in any way with the clearly expressed legislative policy set forth in G.L.c. 152, §10C that the design and implementation of a program of light duty is subject to collective bargaining. See Massachusetts Highway Dept. v. American Fed. of State, County & Mun. Employees, Council 93, 420 Mass. 13, 14-17 (1995) (arbitrator who ordered reinstatement of highway department employee who had been terminated for having a loaded handgun in his toolbox did not violate public policy). Even if it could be maintained that the absence of any provision for the return of injured employees to work under a light duty program is out of step with a prevailing public policy, the court has no authority to review the arbitrator’s award because the public policy doctrine applies only when it can be said that the employer’s decision was compelled by public policy. See Mass. Highway Dept., supra at 19 (“If an award is permissible, even if not optimal for the furtherance of public policy goals, it must be upheld”). The School Committee’s decision to act unilaterally and to implement a light duty program was not compelled by the public policy of the Commonwealth of Massachusetts. See Bureau of Special Investigations v. Coalition of Public Safety, 430 Mass. 601, 605-06 (2000). Contrast, School Committee of Beverly v. Geller, 435 Mass. 223, 226 (2001) (Ireland, J., concurring in the result).
With respect to each of the above arguments, it is important to underscore the settled principle that neither errors of law nor of fact provide grounds for vacating the award of an arbitrator conducted pursuant to a collective bargaining agreement. See Mass. Highway Dept. v. A.F.S.C.M.E., Council 93, 420 Mass. 13, 15-16 (1985). A court is not permitted to inquire into how the arbitrator reached his result, or whether he understood and properly applied certain aspects of the agreement. Town of Duxbury v. Duxbury Permanent Firefighters Association, Local 2167, 50 Mass.App.Ct. 461, 466 (2000). “Even blatant mistakes of law or misrepresentation of the agreement are not subject to judicial review.” Local Union No. 1710, International Association of Fire Fighters, AFL-CIO v. Chicopee, 430 Mass. 417, 422 n. 9 (1999), citing Old Rochester Regional Teacher’s Club v. Old Rochester Regional School District Commission, 398 Mass. 695, 701 (1986).
ORDER
For the above reasons, the plaintiffs motion for summary judgment is DENIED. In accordance with Mass.R.Civ.P. 56(c), the court further orders summary judgment for the defendants.